UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAUN O., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 3:18-CV-05537-DWC <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff filed this action challenging the final decision of the Deputy Commissioner of Social Security for Operations ("Commissioner"), which denied him disability insurance benefits ("DIB"). *See* Dkt. 13. Currently before the Court is Defendant's Motion to Dismiss, which requests the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Dkt. 14. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

The Court concludes it lacks jurisdiction to review the Commissioner's decision. Accordingly, the Court grants Defendant's Motion to Dismiss.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 18, 2013, alleging a disability onset date of February 6, 2010. *See* Dkt. 14-1, p. 5. Plaintiff's date last insured for DIB was June 30, 2012. *See id.* Plaintiff's application was denied at the initial level on March 3, 2014. *Id.* at pp. 15-17. Plaintiff did not appeal this determination, thereby making it the final decision on the application. *See id.* at p. 3, Voegle Dec., ¶ 4(a); *see also* 20 C.F.R. § 404.905.

On July 7, 2015, Plaintiff filed the present application for DIB. *Id.* Plaintiff again alleged disability beginning February 6, 2010 and had a date last insured of June 30, 2012. *See id.* at p. 18; *see also id.* at p. 50. The application was denied upon initial administrative review and on reconsideration. *Id.* at pp. 32-38; *see also id.* at p. 50. Plaintiff filed a request for hearing before an ALJ, which was granted by ALJ Kelly Wilson. *See id.* at p. 50. On February 17, 2017, ALJ Wilson held a hearing. *See id.* However, before ALJ Wilson issued a decision, she resigned from her position. *See id.* The matter was reassigned to ALJ Johnson, who issued an Order of Dismissal on August 7, 2017, and an Amended Order of Dismissal on August 14, 2017.[1] *Id.* at pp. 44-46, 50-52. In his decision, the ALJ found Plaintiff's claim barred by the doctrine of r*es judicata*. *See id.* at pp. 50-52. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's August 14, 2017 decision the final decision of the Commissioner. *See id.* at pp. 56-57; 20 C.F.R. § 404.981.

Plaintiff thereafter filed this case challenging the final decision of the Commissioner. *See* Dkt. 1, 13. On January 16, 2019, Defendant filed the Motion to Dismiss, asserting the Court

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Johnson and his August 14, 2017 decision.

should dismiss the Amended Complaint – the current operative complaint – for lack of subject matter jurisdiction on *res judicata* grounds. Dkt. 14. On January 25, 2019, Plaintiff filed a Response. Dkt. 15. Defendant filed a Reply on January 31, 2019. Dkt. 16.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for the dismissal of a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12. The court must dismiss a complaint under Rule 12(b)(1) if, viewing the factual allegations in the light most favorable to the plaintiff, the underlying action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also* 28 U.S.C. § 1331 (federal question jurisdiction).

When considering a Rule 12(b)(1) motion to dismiss, the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 2008) (citations omitted), *cert. denied* 489 U.S. 1052 (1989). Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As such, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Id.*

## DISCUSSION

Plaintiff argues the Court has jurisdiction because Defendant committed a *de facto* reopening of Plaintiff's claim. *See* Dkt. 13, 15.

"Cases arising under the Social Security Act generally are not subject to review unless they challenge a 'final decision of the Secretary made after a [statutorily mandated] hearing.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)). The Commissioner may apply administrative *res judicata* "to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). Once an administrative decision becomes final, the Commissioner's decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Because a discretionary decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *Lester*, 81 F.3d at 827 ("As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review.").

The Court can, however, review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano*, 430 U.S. at 109. Additionally, the Court has jurisdiction over a decision to not reopen "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester*, 81 F.3d at 827 n.3 (citation omitted); *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). If "such a *de facto* reopening occurs, the Commissioner's decision as to the prior period is subject to judicial review." *Lester*, 81 F.3d at 827 n.3 (citation omitted). But "where the discussion of the merits is followed by a specific conclusion that the claim is denied on *res judicata* grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985) (citing *McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981)).

In the Motion to Dismiss, Defendant argues the Court lacks jurisdiction over the ALJ's decision on *res judicata* grounds. Dkt. 14. Plaintiff maintains Defendant violated his constitutional rights because Defendant's actions constituted a *de facto* reopening of the claim, and thus, the Court has jurisdiction. Dkt. 15; *see also* Dkt. 13.

The ALJ, applying the doctrine of *res judicata*, denied Plaintiff's request for a hearing on the July 2015 application. Dkt. 14-1, pp. 50-52. The ALJ noted Plaintiff previously filed a DIB application covering the same period, which was administratively final. *Id.* at p. 50. The ALJ considered whether the new evidence would change the prior determination. *See id.* at pp. 51-52. "Based on this comparison," the ALJ found there was no new and material evidence and determined the doctrine of *res judicata* applied to Plaintiff's claim. *Id.* at p. 52. "Because the doctrine of *res judicata* applie[d]," the ALJ denied Plaintiff's request for a hearing. *Id.*

The Court finds the ALJ's decision did not constitute a *de facto* reopening of the claim. The ALJ only discussed the evidence to consider whether it was new and material such that it constituted good cause for changing the prior determination. *See id.* at pp. 51-52. Because the ALJ made the "specific conclusion" denying the claim "on *res judicata* grounds" after discussing the evidence, the ALJ's decision was not a *de facto* reopening of Plaintiff's claim. *See Krumpelman*, 767 F.2d at 589; *see also Miglioretto v. Colvin*, 674 Fed. Appx. 667, 669 (9th Cir. 2017) ("the ALJ's discussion of the merits, followed by a denial of [the claimant's] claims as barred by the continued presumption of non-disability, did not constitute a reopening"); *Oberg v. Astrue*, 472 Fed. Appx. 488, 490 (9th Cir. 2012) ("The mere fact that the ALJ did consider the record of the prior decision is of no import; plainly he had to do so in order to determine whether there had been a substantial change in [the claimant's] condition since that time.").

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 5

Plaintiff argues Defendant *de facto* reopened his claim by considering it "on the merits" on initial review and reconsideration, and at ALJ Wilson's hearing. *See* Dkt. 15, pp. 1-5. But only "final decision[s] of the Commissioner" are subject to judicial review. *See* 42 U.S.C. § 405(g). Here, the ALJ's August 14, 2017 decision is the final decision of the Commissioner. Thus, the reviews of Plaintiff's claim at the initial and reconsideration levels, and ALJ Wilson's decision to hold a hearing, are not subject to review. *See Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (because only a "final decision" is subject to judicial review, the Court "must look to what the ALJ and the Appeals Council did to determine if a reopening occurred and not to the initial interim decisions at the lower agency levels"). Further, in *Krumpelman*, the Ninth Circuit held the ALJ properly applied *res judicata* notwithstanding the claim being considered initially, on reconsideration, and at an ALJ hearing. 767 F.2d at 587, 589; *see also Sistrunk v. Colvin*, 2016 WL 26019, at *1, *3 (W.D. Wash. Jan. 4, 2016) (upholding ALJ's *res judicata* finding even though the application was considered on initial review and reconsideration, and the ALJ held a hearing). Accordingly, Plaintiff's argument is unpersuasive.

As the ALJ's August 14, 2017 decision was a decision declining to reopen Plaintiff's claim, this is not a "final decision." Moreover, Plaintiff only asserts Defendant violated his constitutional rights by allegedly committing a *de facto* reopening of Plaintiff's prior claim. *See* Dkt. 13; *see also* Dkt. 15, pp. 1, 3-4. Plaintiff does not allege, nor does the Court find, any other constitutional claims, colorable or otherwise. Therefore, the Court concludes it does not have jurisdiction to review the ALJ's August 14, 2017 decision declining to reopen Plaintiff's previous application and denying Plaintiff's request for a hearing.

## CONCLUSION

As the Court lacks jurisdiction to review the ALJ's August 14, 2017 decision, Defendant's Motion to Dismiss (Dkt. 14) is granted.

Dated this 25th day of March, 2019.

*David W. Christel*
David W. Christel
United States Magistrate Judge